STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

17-51

HARLEY MITCHEM

VERSUS

LESTER SOILEAU AND JANELLA SOILEAU

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 74545-A
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell and Van H. Kyzar, Judges.

**AFFIRMED.**

Guy O. Mitchell
Mitchell Law Offices
225 Court Street
Ville Platte, LA  70586-4492
ATTORNEY FOR PLAINTIFF/APPELLANT:
 Harley Mitchem

C. Brent Coreil
128 Young Street
P.O. Drawer 450
Ville Platte, LA  70586
ATTORNEY FOR DEFENDANTS/APPELLEES:
 Lester Soileau, Et Ux

**Cooks, J.**

## FACTS AND PROCEDURAL HISTORY

Harley Mitchem (Mitchem) filed a possessory action[1] against his neighbors, Lester and Janella Soileau (Soileaus). The Soileaus and Mitchem are contiguous land owners whose respective tracts of land are bordered in part by a drainage ditch/canal (canal) maintained by the Evangeline Parish Police Jury (Police Jury). Although aware that he did not own any part of the canal, which he admits is located entirely on the Soileaus' property, Mitchem requested the Police Jury perform necessary maintenance of the canal after his property was flooded. Mitchem attributed the flooding to the poor maintenance of the drainage canal.

Without contacting the Soileaus the Police Jury began cleaning the canal and deposited the spoil dirt on Mitchem's property as he requested. The Soileaus contacted the Police Jury and eventually agreed to allow it to continue dredging the canal with the understanding that the same amount of dirt removed from their property would be replaced on their adjoining property by the Police Jury at no cost to them. The Soileaus also hired J. Ronald Landreneau & Associates, Civil Engineers and Land Surveyors (Landreneau) to re-survey their property and re-mark their property line after the work on the canal was completed by the Police Jury. The land was last surveyed in 1994 by Landreneau. Landreneau placed survey markers on a line east of the canal, approximately two feet from the edge of the canal, between the canal and Mitchem's hurricane fence that ostensibly marks the edge of Mitchem's property. Mitchem, believing the survey markers to be

---

[1] "The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted." La. CodeCiv.P. art. 3655.

improperly placed on his property, and thus interfering in his peaceful possession of the disputed triangular piece of property, filed this action to be restored to peaceful possession of what he claims is his property acquired by thirty-years acquisitive prescription.

The trial court found Mitchem's petition for possession to be without merit. It also found the Soileaus "were in fact in possession of the disputed property within the year prior to the filing of these proceedings and up to the date of trail [sic]." Accordingly, the trial court dismissed Mitchem's suit with prejudice and cast all costs on Mitchem. Mitchem appeals asserting two assignments of error:

1. The District Court committed legal error when it misapplied the burden of proof by a preponderance of the evidence; it being obvious that the plaintiff proved his case by a preponderance of the evidence.

2. The District Court committed manifest error when it relied almost exclusively on the testimony of the surveyor, J. Ronald Landreneau, and further misinterpreted the testimony of Mr. Landreneau and virtually ignored other testimony and evidence presented by the plaintiff.

## ANALYSIS

We review the trial court's ruling in a possessory action applying the manifest error standard of review. After a full review of the record we cannot say the trial court manifestly erred in concluding that Mitchem failed to carry his burden to prove that he and his ancestors in title had uninterrupted, quiet and peaceful possession of the disputed tract of land, to the boundary he claims, for over a year before his alleged possession was disturbed by Landreneau's placement of survey stubs.

> An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD,* 617 So.2d 880 (La.1993); *Rosell v. ESCO,* 549

So.2d 840 (La.1989). A two-tiered test must be applied in order to reverse the findings of the trial court:

> a. the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
> b. the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Mart v. Hill,* 505 So.2d 1120 (La.1987).

> Even where the appellate court believes its inferences are more reasonable than the fact finder's, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue,* 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housley v. Cerise,* 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

*Allen v. Belgard*, 05-1284, pp. 10-11 (La.App. 3 Cir. 4/5/06), 925 So.2d 1275, 1282.

Based on our review of the record we find the trial court's findings of fact are reasonably supported by the record. This court is *Belgard* set forth Louisiana law applicable in a possessory action:

> The Louisiana Code of Civil Procedure and the Louisiana Civil Code address the possessory action through various articles which provide in pertinent part as follows:
>
> > La.Code Civ.P. art. 3655. Possessory action
> >
> > The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.
> >
> > La.Code Civ.P. art. 3656. Same; parties; venue

A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and not for himself.

The possessory action shall be brought against the person who caused the disturbance....

La.Code Civ.P. art. 3662. Same; relief which may be granted successful plaintiff in judgment; appeal

A judgment rendered for the plaintiff in a possessory action shall:

(1) Recognize his right to the possession of the immovable property or real right therein, and restore him to possession ... or maintain him in possession ...;

(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right therein in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory ...; and

(3) Award him the damages to which he is entitled and which he has prayed for.

La.Code Civ.P. art. 3658. Same; requisites

**To maintain the possessory action the possessor must allege and prove that:**

**(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;**

**(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;**

**(3) The disturbance was one in fact or in law, as defined in Article 3659; and**

**(4) The possessory action was instituted within a year of the disturbance.**

4

La.Code Civ.P. art. 3659. Same; disturbance in fact and in law defined

Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.

A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly. . . .

A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein. . . .

La.Code Civ.P. art. 3660. Same; possession

A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by **corporeal possession** by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.

La.Code Civ.P. art. 3661. Same; title not at issue; limited admissibility of evidence of title

In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.

La.Civ.Code art. 3424. Acquisition of possession

To acquire possession, one must intend to possess as owner and **must take corporeal possession of the thing**.

Additionally, our jurisprudence provides that **the type of possession required for a possessory action is identical to that required to commence the running of acquisitive prescription.** *Liner v. Louisiana Land and Exploration Company,* 319 So.2d 766 (La.1975); *Hill v. Richey,* 221 La. 402, 59 So.2d 434 (1952). In *Phillips v. Fisher,* 93-928 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, *writ denied,* 94-0813 (La.5/6/94), 637 So.2d 1056, we summarized the law of adverse possession of thirty years acquisitive prescription:

Immovable property may be acquired through thirty years acquisitive prescription without good faith or just title. The party asserting acquisitive prescription bears the burden of proving all the facts that are essential to support it. **A possessor will only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is *continuous, uninterrupted, peaceable, public, unequivocal,* and *within visible bounds.* He must also prove that he intended to *possess as owner,* adverse to the actual owner, for the required thirty years.**

*Id.* at 1307 (citations omitted) (Emphasis added).

Moreover, in the landmark case of *Hill,* 59 So.2d 434, the court articulated that **where ownership is claimed by possession, without proof of title, the claimant must show adverse possession *by enclosure,* and his claim will not extend beyond such enclosure.** In other words, **there must be some markers or boundaries, either artificial or natural, evincing an intention on the claimant's part of the extent and area of land over which he asserts his possession. The term "enclosures" is not limited to fences and walls, but such marks or bounds must be visible and sufficient to denote the location, area, and extent of the land over which possession is alleged.**

*Belgard*, 925 So.2d at 1282–84 (**emphasis added**) (footnote omitted).

The parties presented only one survey performed by an expert, Landreneau. He had previously surveyed the property and his testimony did nothing to support Mitchem's claims regarding possession to an old fence which was no longer on the property. Photographs submitted in evidence show that the property was not being maintained by Mitchem, or anyone, for quite some time prior to the disturbance, i.e. Landreneau's placement of new survey markers on the same line that he says he placed markers on after his 1994 survey. Additionally, Mitchem's witnesses provided no assistance in establishing his possession of the disputed two-foot deep strip of land running along the canal admittedly owned by the Soileaus. In fact, they corroborated Mitchem's representation that he removed the old fence many years prior to the recent disturbance thus establishing by his own evidence that he

could not have possessed the disputed strip within a fenced enclosure for many years, and certainly not for the necessary one-year period prior to the most recent disturbance. For the reasons stated, we affirm the trial court's ruling and assess all costs of these proceedings against Mitchem.

**AFFIRMED.**